Thomas Gerald BOBO, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–00956–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 1991.

Rehearing Overruled Feb. 7, 1991.

---

1. It is not necessary for us to consider appellants' first point of error. Tex.R.App.P. 90(a).

Bob Tarrant, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction of the felony offense of burglary of a habitation. Appellant pleaded not guilty to the charge and not true to the two enhancement paragraphs in the indictment. The jury found appellant guilty, found the allegations in the enhancement paragraphs true, and assessed punishment at 75 years in the Texas Department of Criminal Justice. In six points of error, appellant claims the trial court erred in overruling his motion to suppress evidence, denying his motion for new trial, and allowing the prosecutor to use

falsified documents during the punishment phase of his trial. We affirm in part and reverse and remand in part.

On November 10, 1988, Officer Monty Bradney was working an "off-duty" job as a security officer for the Memorial Club Townhomes. At approximately 11:00 a.m., Officer Bradney received a call over his radio from an office secretary regarding "suspicious persons milling around some [of the] townhomes." Officer Bradney testified that the suspicious persons were described as a white male wearing a red plaid shirt and a white female with blond hair, white T-shirt and blue jeans. Four or five seconds later, he looked up from where he was sitting in his patrol car and observed a pick-up truck driven by a white male wearing a red plaid shirt accompanied by a white female with blond hair wearing a white shirt.

Officer Bradney turned to follow the truck and noticed that the truck "rolled through [a] stop sign without coming to a complete stop." He stopped the truck and appellant got out and approached him. Officer Bradney asked appellant for his drivers license and asked him what he was doing in the neighborhood. Appellant replied that he was visiting a friend. When Officer Bradney asked him the name and address of his friend, appellant said that he did not know but that his female companion, Tammy Barksdale, did. Officer Bradney approached the passenger side of appellant's vehicle and observed "a pillowcase stuffed full of items sitting in between [Ms. Barksdale's] legs." He asked Ms. Barksdale who they were visiting in the neighborhood but she could not give him the name or address of the friend they were allegedly visiting. He also asked her what she had in the pillowcase and she replied, "Oh, there's two or three jewelry boxes with jewelry, calculators and some other things." Officer Bradney then radioed for additional police assistance because he thought appellant and Ms. Barksdale were burglars.

When Officer R.C. Price responded to the call, Officer Bradney asked him to search appellant and check the police computer for any outstanding warrants on appellant. Officer Price discovered that appellant had an outstanding municipal warrant and he arrested him and placed him in the back of his patrol car.

In the meantime, Officer Bradney continued to talk with Ms. Barksdale. He again asked her what she and appellant were doing in the neighborhood and she stated that they had broken into a townhome. She directed him and other officers to the townhome she and appellant had broken into. Fingerprints were taken from the burglarized townhome and from the items in the pillowcase. A screwdriver was found on the floor of appellant's vehicle. The owner of the townhome was called to the scene and she identified the items in the pillowcase as belonging to her and taken from her townhome.

 In his first point of error, appellant claims the trial court committed reversible error in overruling his motion to suppress evidence because Officer Bradney's traffic stop constituted an unlawful "pretext arrest". The standard of review governing a trial court's ruling on a motion to suppress is whether the court clearly abused its discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985). In a hearing on a motion to suppress evidence, the trial judge is the sole fact finder and may choose to believe or disbelieve any or all of a witness' testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim.App. 1980); *Fast v. State,* 755 S.W.2d 515, 517 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

Appellant cites us to *Black v. State,* 739 S.W.2d 240 (Tex.Crim.App.1987), to support his contention that Officer Bradney's traffic stop constituted an illegal pretext arrest. However, the court of criminal appeals recently overruled *Black,* holding that there is no "pretext arrest" doctrine in Texas. *See Gordon v. State,* 801 S.W.2d 899 (Tex.Crim.App.1990) (plurality opinion). The court recognized that when a police officer stops an individual for an offense committed in his view, his motives are irrelevant and not subject to inquiry as long as the officer does no more than he is objec-

tively authorized and legally permitted to do. *Id.* at p. 911.

A police officer may stop a suspicious individual to determine the individual's identification or to maintain the status quo while obtaining more information. *Livingston v. State,* 739 S.W.2d 311, 326 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). When a police officer observes suspicious activity, he or she not only has a right but has a *duty* to investigate. Also, circumstances short of probable cause may justify temporary detention for purposes of investigation. *Garza v. State,* 771 S.W.2d 549, 558 (Tex.Crim.App.1989). "To justify an investigative detention, a police officer must have specific articulable facts, which, premised upon his experience and personal knowledge, coupled with logical inferences from those facts would warrant an intrusion on the detainee." *Id.*

Turning to the facts of the present case, Officer Bradney had a description of "suspicious individuals" in the area of the townhomes and observed persons matching their description in a pickup truck. He followed the vehicle, observed it run a stop sign, and stopped the vehicle and asked the driver, appellant, what he was doing in the neighborhood. This was simply good police work and not violative of any constitutional rights.

Appellant could not give the name or address of the friend he was "visiting" in the neighborhood and told Officer Bradney that his companion knew the name of the friend. When Officer Bradney approached Ms. Barksdale to ask her the name of the person they were visiting, he observed the pillowcase stuffed full of various items in plain view on the floor of appellant's vehicle. Ms. Barksdale could not give the name or address of the person they were visiting and told Officer Bradney what the pillowcase contained. Based on the surrounding facts and his experience as a police officer, Officer Bradney believed appellant and Ms. Barksdale to be burglars. After reviewing the record, we fail to see how Officer Bradney did more than he was objectively authorized and legally

permitted to do. We conclude that Officer Bradney did not exceed the constitutional and statutory limits applicable to the traffic stop and that his subjective intentions or motivations were irrelevant. Further, we conclude that the trial judge could have found that Officer Bradney lawfully stopped appellant, and further found that the officer subsequently developed probable cause based on sufficient articulable facts to arrest appellant for the burglary. We cannot say the trial court abused its discretion in overruling appellant's motion to suppress. Therefore, we overrule appellant's first point of error.

In his second point of error, appellant alleges the trial court erred in overruling his motion for new trial because there was insufficient evidence to corroborate the testimony of Ms. Barksdale, his accomplice. Regarding the testimony of an accomplice, the Texas Code of Criminal Procedure provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979). To determine the sufficiency of the corroboration, the accomplice witness' testimony must be eliminated and the testimony of the other witnesses must be examined to ascertain whether there is any inculpatory evidence, that is, evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient. *Reed v. State,* 744 S.W.2d 112, 125 (Tex.Crim.App.1988). All facts and circumstances in evidence may be looked to as furnishing the corroboration necessary. *Id.* at 126. It is not necessary that the corroboration directly link the accused to the crime or be sufficient in itself to establish guilt. *Id.* Further, the corroborative evidence may be circumstantial or direct. *Id.*

At trial, the complainant, Alma Campos, testified that her home had been broken into on November 10, 1988, and she identified the items found in the pillowcase in appellant's vehicle as hers. She also identified the pillowcase and couch pillow found in appellant's vehicle as hers. Ms. Campos stated that the lock on her sliding glass door had been broken and that her house had been "ransacked". Further, she testified that she had never seen appellant nor Ms. Barksdale before the date of the burglary and that she had not consented for either of them to enter her home or to take her property.

Officer Bradney testified that he found a screwdriver in the floorboard of appellant's truck. He stated that screwdrivers were "common pry tools" used in burglaries. He testified that Ms. Campos identified the property found in the pillowcase in appellant's vehicle as hers.

One of Ms. Campos' neighbors, Freida Fondren, testified that she saw a man with dark hair wearing a red plaid shirt and a woman with blond hair in a white T-shirt walking in the area of Ms. Campos' townhome on the morning of the burglary. Ms. Fondren testified that she told Officer Bradney that she had seen the man and woman walking around the townhomes earlier. Officer Bradney asked her to drive to the area where appellant had been arrested to determine whether he was the man she had seen earlier. She identified appellant as the man she had seen earlier walking around Ms. Campos' townhome.

We find the testimony of the other witnesses sufficiently corroborates the testimony of Ms. Barksdale and tends to connect appellant with the commission of the burglary. Accordingly, we overrule appellant's second point of error.

■ In points of error three through five, appellant complains that there is no admissible evidence of a prior conviction because the trial court erred in admitting a penitentiary (pen) packet from California containing information which had been tampered with by the prosecutor. The record reflects that the indictment contained two enhancement paragraphs. The

second paragraph alleged that appellant had previously been convicted of burglary in a California court. The pen packet contains a certification dated February 24, 1989; however, the identifying fingerprints bear a certification date of April 4, 1989. Appellant contends that the prosecutor altered the pen packet by adding additional documents. In its brief, the state admits the evidence was tampered with by the prosecutor and suggests that appellant should be afforded a new punishment hearing. Accordingly, we sustain points of error three through five and remand appellant's case to the trial court for a new hearing on punishment only.

In point of error six, appellant complains that he was not afforded a fair trial because of misconduct by the prosecutor and the judge throughout the trial. For several years the U.S. Supreme Court and the Texas Court of Criminal Appeals have handed down opinions which seriously hamper the effective investigation, prosecution and incarceration of criminals. The trend to protect the rights of the accused has swung so far to the left that we have seemingly forgotten about the rights of the victims of crimes. However, it has become increasingly clear that these stringent guidelines are forced upon us when the state refuses to follow or be bound by the rules. The actions of the prosecutor in this case, Nancy Conlin, must be condemned. Upon discovering what she had done, the District Attorney of Harris County notified the court, terminated her employment, and referred the matter to a Harris County grand jury. By her acts, Nancy Conlin has set herself above the rules and has perpetrated a fraud upon the court and the jury.

■ While we vigorously defend the right of appellant to a *fair* trial, we have carefully reviewed the record and find no evidence that the acts of Nancy Conlin affected the jury during the *guilt/innocence* stage of the trial. Since the error occurred only in the punishment phase, only that portion of the trial will be reversed. We overrule point of error six.

Accordingly, we affirm the conviction and reverse and remand for a new punishment hearing.

### OPINION ON MOTION FOR REHEARING

Appellant has filed a motion for rehearing in which he reurges the points of error from his brief and requests that we reconsider those points. We find merit in two of appellant's contentions.

Appellant contends that we misquoted the facts when we stated that Freida Fondren identified him as the man she had seen walking around the complainant's townhome. Ms. Fondren identified the *shirt* appellant wore as the shirt she saw on the man she had seen earlier walking around the complainant's townhome. With that correction, we conclude the testimony of the other witnesses sufficiently corroborates the testimony of Ms. Barksdale and tends to connect appellant with the commission of the burglary.

Appellant next contends that we failed to provide any instructions on whether the State would be permitted a second opportunity to present evidence of identity and finality in the California conviction. At the new punishment hearing, the State shall not be allowed to relitigate the issue of appellant's California conviction as we find that the evidence has been offered and is insufficient for enhancement purposes. *See Ex Parte Augusta*, 639 S.W.2d 481, 485 (Tex.Crim.App.1982). Regardless of which constitutional provision is applied, the State cannot have "two bites at the apple."

We correct our opinion with regard to these matters and overrule appellant's motion for rehearing.

ROBERTSON and DRAUGHN, JJ., concur in the result only.