Louis Frank MENDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00811–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 31, 1991.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Lester Blizzard and Kate Dolan, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

OPINION

COHEN, Justice.

After his motion to suppress evidence was overruled, appellant pled guilty to possessing heroin. The trial court followed the plea agreement and assessed punishment at five years imprisonment and a $10,000 fine.

In two points of error, appellant asserts the trial court erred in denying his motion to suppress because the police stop of the vehicle, in which he was a passenger, was without probable cause and was pretextual, in violation of both the United States and Texas Constitutions.

Houston Police Officers Cinco and Reyna testified they stopped the car in which appellant was riding after they saw it fail to yield the right of way and almost cause an accident. The officers saw appellant, the passenger, bend over and place something beneath his seat. The car stopped immediately after the police activated their overhead lights. Officer Reyna approached the

passenger's side where appellant was still seated. Officer Reyna saw, in plain view, a gun handle sticking out from under the seat and saw appellant had his fist tightly clenched in his pocket. Appellant got out of the car when Officer Cinco opened the door. Officer Reyna asked appellant what was in his pocket, and appellant pulled the lining out and change fell to the ground. Reyna then asked appellant what was in his hand, and appellant replied, "Nothing." Appellant was asked to open his hand, and Reyna saw a brown powdery substance wrapped in cellophane and tape. Appellant was arrested, and the officer retrieved the gun from under the car seat.

At a suppression hearing, the trial court is the sole finder of fact. *Walker v. State*, 588 S.W.2d 920, 924 (Tex.Crim.App.1979). The court's determination will not be reversed on appeal unless a clear abuse of discretion is shown. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). The evidence is to be viewed in the light most favorable to the trial court's ruling on the motion. *Daniels v. State*, 718 S.W.2d 702, 704 (Tex.Crim.App.1986). If supported by evidence, the ruling will not be disturbed. *Ackenback v. State*, 794 S.W.2d 567, 570 (Tex.App.—Houston [1st Dist] 1990, no pet.).

■ Federal and state constitutions guarantee an individual shall be protected from unreasonable searches and seizures. U.S. CONST. amend. IV.; TEX. CONST. art. I, § 9. Appellant claims the traffic stop was a mere pretext because the primary basis for the stop was to determine the occupants' identities and to search for narcotics. A pretext arrest is typically an arrest for a traffic or similarly minor offense that is made in order to conduct a search or extract a confession for a greater offense. The arrest is based on the pretext because police lack probable cause to arrest for the more serious offense. *See generally Black v. State*, 739 S.W.2d 240 (Tex.Crim. App.1987). A two-judge plurality of the Court of Criminal Appeals recently overruled *Black*, and held that pretext arrests are not illegal in Texas. *Gordon v. State*,

801 S.W.2d 899, 911 (Tex.Crim.App.1990). The two judges held that the arresting officer's motives are irrelevant when he stops an individual for an offense committed in his view. *Id.* at 911. Of the two judges joining this holding, only one remains on that court. Nevertheless, the *Gordon* plurality opinion has been followed in *Bobo v. State*, 805 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.] 1991, pet. granted). The Court of Criminal Appeals is presently reviewing *Bobo*, and probably is reviewing *Gordon* along with it. We doubt that *Gordon* is good law. In deciding this case, we assume that *Black v. State* sets out the Texas law on pretext arrests.

■ An officer may stop a suspicious individual to determine the individual's identification or to maintain the status quo while obtaining more information. *Livingston v. State*, 739 S.W.2d 311, 326 (Tex. Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). Suspicious circumstances short of probable cause may justify temporary detention for investigation. *Garza v. State*, 771 S.W.2d 549, 558 (Tex.Crim.App.1989). To justify such a detention, "a police officer must have specific articulable facts, which, premised upon his experience and personal knowledge, coupled with logical inferences from those facts would warrant an intrusion on the detainee." *Id.*

■ Even if *Black* is still the law and pretext arrests are illegal in Texas, appellant cannot prevail. There is no evidence here of any of the factors present in either *Black* or in *Amador–Gonzalez v. United States*, 391 F.2d 308 (5th Cir.1968), a case heavily relied on by the court in *Black*.

Appellant's points of error are overruled.

The judgment is affirmed.