**Thomas Gerald BOBO, aka Jerry Dubois, aka Jerry Thomas Lee, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 431–91.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 9, 1992.

OPINION ON STATE'S AND APPEL-
LANT'S PETITIONS FOR DIS-
CRETIONARY REVIEW

BAIRD, Judge.

Appellant was charged with the offense of burglary of a habitation pursuant to Tex.Penal Code Ann. § 30.02(a)(1). Appellant moved to suppress evidence contending the officer stopped appellant's vehicle for a traffic violation as a pretext to question appellant concerning the alleged burglary. The trial judge denied appellant's motion. Appellant was convicted by a jury and sentenced to seventy-five years confinement. Tex.Penal Code Ann. § 12.42(d). The Court of Appeals held appellant's arrest was valid but remanded the case for a new punishment hearing because the trial judge erroneously admitted a penitentiary packet. *Bobo v. State,* 805 S.W.2d 493 (Tex.App.—Houston [14th Dist.] 1991). We granted appellant's petition for discretionary review to determine the viability of the pretext arrest doctrine[1] and the State's petition for discretionary review to determine whether the Court of Appeals erred in precluding re-litigation of the appellant's prior conviction.[2] We will affirm in part and reverse in part.

I.

On November 10, 1988, Houston police officer Monty Bradney was working security at the Memorial Club Townhouses in Harris County. A resident of the complex observed two suspicious persons "milling around some townhouses" and notified the realty office. The realty office notified Bradney. The suspicious persons were described as a man with a red plaid shirt and a lady with blonde hair in a white shirt and jeans. Within minutes of the call, Bradney sighted a vehicle occupied by two persons who matched the description and made an effort to catch up to the vehicle. Bradney observed the vehicle "roll through" a stop

Bob Tarrant, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

1. Appellant's ground for review is:
   The Court of Appeals erred in rejecting the claim of "pretext arrest" and finding the arrest was justified because an offense had been committed in the officers' presence.

2. The State's ground for review is:

The Court of Appeals erred when it concluded on the appellant's motion for rehearing that the State shall not be permitted to enhance the appellant's status to an [sic] habitual offender in any future prosecution of this cause.

sign and stopped the vehicle.[3] Appellant exited the vehicle and informed Bradney he was visiting a friend, although appellant did not know the friend's name or address. Appellant was sweating and appeared to be very nervous. Appellant informed Bradney that the other occupant of the vehicle, Tammy Barksdale, knew the name of the friend they were visiting and Bradney approached appellant's vehicle to speak with Barksdale. Bradney observed a pillowcase "stuffed full of items," between Barksdale's legs. Barksdale likewise could not remember the name or address of the friend. Bradney radioed for assistance and requested a check of appellant's criminal history for any outstanding warrants. Appellant had an outstanding warrant and was arrested. Barksdale then admitted that she and appellant had burglarized a townhouse.

## II.

■ Appellant contends Bradney stopped his vehicle for running a stop sign as a pretext to investigate the suspicious persons call. In *Garcia v. State*, 827 S.W.2d 937 (Tex.Cr.App.1992), we held the pretext arrest doctrine is no longer viable under the Fourth Amendment to the United State's Constitution. However, the continued viability of the pretext arrest doctrine under the Texas Constitution was not decided. *See, Garcia*, 827 S.W.2d at 943, n. 8 [citing *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991)].[4]

Appellant correctly recognizes a conflict between our plurality decisions in *Black v. State*, 739 S.W.2d 240 (Tex.Cr.App.1987), and *Gordon v. State*, 801 S.W.2d 899 (Tex. Cr.App.1990). In *Black* a plurality of this Court held "[w]hen an arrest is used as a pretext, it is an illegal arrest and evidence

---

**3.** The record indicates that Bradney was utilizing a patrol vehicle owned by another officer which closely resembled the patrol cars used by the city of Houston except that the word "Houston" did not appear on the vehicle.

**4.** In *Heitman v. State*, 815 S.W.2d 681, (Tex.Cr. App.1991), we held:
   ... [W]e now expressly conclude that this Court, when analyzing and interpreting Art. I, § 9, Tex. Const., will not be bound by Supreme Court decisions addressing the compa-

discovered as a result of it may not be used at trial." *Black*, 739 S.W.2d at 244. However, in *Gordon*, the plurality attempted to overrule *Black* by holding Article I, § 9 of the Texas Constitution was no more restrictive than the Fourth and Fourteenth Amendments. *Gordon*, 801 S.W.2d at 912.

■ In the instant case, the Court of Appeals addressed the pretext arrest issue and relied on *Gordon* for the proposition "that there is no 'pretext arrest' doctrine in Texas." *Bobo v. State*, 805 S.W.2d at 495. We granted appellant's petition in this case to decide the continued viability of the pretext arrest doctrine under the Texas Constitution. However, for the following reasons, we find Bradney's detention of appellant was not a pretext arrest and, therefore, we need not determine the continued viability of the pretext arrest doctrine under the Texas Constitution.

The record reveals that Bradney stopped appellant in order to investigate the report of suspicious persons being observed at a location within the townhouse complex. "Circumstances short of probable cause for an arrest may justify a temporary investigation or detention because investigation is a lesser intrusion on personal security than an arrest." *Fatemi v. State*, 558 S.W.2d 463 (Tex.Cr.App.1977). *See also, Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968); *and, Ramirez v. State*, 672 S.W.2d 480 (Tex.Cr.App.1984). "A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain his status quo momentarily while obtaining more information. An occupant of an automobile is just as subject to a brief detention as is a pedestrian." *Gearing v. State*, 685 S.W.2d 326, 327–328 (Tex.Cr.App.1985). *See also, Adams v.*

---

rable Fourth Amendment issue. [footnote omitted] In reaching this conclusion, we recognize that state constitutions cannot subtract from the rights guaranteed by the United States Constitution, but they can provide additional rights to their citizens. The decisions of the Supreme Court represent the *minimum* protections which a state must afford its citizens. [emphasis in original].
*Heitman*, 815 S.W.2d at 690.

*Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Finally, we look to all the surrounding circumstances to determine whether the officer had "specific, articulable facts, which in light of [his] experience and general knowledge, together with rational inferences from those facts, would reasonably warrant [the] intrusion." *Glass v. State,* 681 S.W.2d 599, 601 (Tex. Cr.App.1984). As we noted in *Glass,* "Mere suspicions do not meet this test [citation omitted], but neither is absolute certainty required." *Id. See also, Amores v. State,* 816 S.W.2d 407, 413 (Tex.Cr.App. 1991); *Gearing,* 685 S.W.2d at 328; *and, Shaffer v. State,* 562 S.W.2d 853 (Tex.Cr. App.1978).

Bradney was notified that a resident had observed two suspicious persons in an area where they should not be and received specific physical descriptions of the persons. Based upon his fifteen years of law enforcement experience, Bradney felt the situation demanded investigation. Observing two persons leaving the area, who matched the description of the suspicious persons, Bradney stopped the vehicle and detained the occupants. Appellant was unable to provide a reasonable explanation for his presence in the townhouse complex and acted suspiciously. Barksdale had a pillow case, holding several items, between her legs and when asked about the contents replied: "... there's two or three jewelry boxes with jewelry, calculators and some other things." The report by a citizen identifying suspicious persons around several homes, the observation of appellant, who matched the description in the report, leaving in an automobile subsequent to the report and Bradney's experience all provided Bradney a reasonable articulable suspicion that appellant was connected with criminal activity. The actions and statements by appellant and Barksdale, coupled with Bradney's experience, enhanced such suspicion and demanded further investiga-

tion. Finding Bradney's initial detention of appellant was justified, we conclude our decision to grant appellant's petition was improvident. Accordingly, the appellant's petition for discretionary review is dismissed.

### III.

■ On direct appeal, the Court of Appeals reversed appellant's sentence and ordered a new punishment hearing, finding the prosecutor altered a penitentiary packet offered to prove one of the enhancement allegations.[5] *Bobo,* 805 S.W.2d at 497–98. On rehearing, appellant contended the Court of Appeals failed to provide instruction as to whether the State would be allowed to introduce evidence of the prior conviction at the subsequent punishment hearing. The Court of Appeals held:

> ... At the new punishment hearing, the State shall not be allowed to relitigate the issue of appellant's California conviction as we find that the evidence has been offered and is insufficient for enhancement purposes. *See Ex Parte Augusta,* 639 S.W.2d 481, 485 (Tex.Crim. App.1982). Regardless of which constitutional provision is applied, the State cannot have "two bites at the apple."

*Bobo,* 805 S.W.2d at 498 (Opinion on Rehearing).

■ In *Augusta* we held the State, failing in its proof of the enhancement allegation, was precluded from relitigating the enhancement allegation on retrial. *Augusta,* 639 S.W.2d at 485. However, the instant case is distinguishable because the State offered sufficient evidence to establish the prior conviction. While the Court of Appeals correctly found the State's evidence to prove the prior conviction was legally inadmissable, that does not effect the sufficiency of the evidence. When evaluating the sufficiency of the evidence the appellate court must look at all the evidence, whether properly or improperly

5. We agree with the Court of Appeals that: [t]he actions of the prosecutor in this case, Nancy Conlin, must be condemned. Upon discovering what she had done, the District Attorney of Harris County notified the court, terminated her employment, and referred the matter to a Harris County grand jury. By her acts, Nancy Conlin has set herself above the rules and has perpetrated a fraud upon the court and the jury.
*Bobo,* 805 S.W.2d at 497.

admitted. *See, Rodriguez v. State,* 819 S.W.2d 871, 873 (Tex.Cr.App.1991); *Beltran v. State,* 728 S.W.2d 382, 389 (Tex.Cr. App.1987). Therefore, the proper remedy was to reverse appellant's sentence and remand for a new punishment hearing. *See, Adams v. State,* 639 S.W.2d 942, 943 (Tex.Cr.App.1982); and Tex.Code Crim. Proc.Ann. art. 44.29(b). Accordingly, we find the Court of Appeals erred in holding the evidence was insufficient to prove the prior conviction.[6]

The judgment of the Court of Appeals is affirmed in part and reversed in part. We reverse the judgment of the Court of Appeals on rehearing concerning the nature of the remand to the trial court. The cause is remanded to the trial court pursuant to Tex.Code Crim.Proc.Ann. art. 44.29(b).

CLINTON and MALONEY, JJ., concur in the result.

McCORMICK, P.J., not participating.

---

**6.** We express no opinion as to any other bar appellant may argue on remand.