Thomas-ES v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-123-CR

     EDWARD SYLVESTER THOMAS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 291st District Court
Dallas County, Texas
Trial Court # F93-31839-U
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Thomas from his conviction for burglary of a habitation,
enhanced by a prior conviction for burglary, for which he was sentenced to fifteen years in the
Institutional Division of the Texas Department of Criminal Justice and assessed a $1,000 fine.
      Appellant was charged with burglary, enhanced by a prior conviction. He pled not guilty and
was tried before the court. The court overruled Appellant's motion to suppress the seized
evidence (the stolen items). Appellant pled true to the enhancement, and was found guilty by the
court. He was sentenced to a term of fifteen years in prison and fined $1,000.
      Appellant appeals on two points of error.
      Point one: "There is insufficient evidence to support the court's finding of guilt."
      Appellant argues that (1) the accomplice testimony was not corroborated and (2) certain
elements of the offense were not proven.
      When an insufficient evidence claim is made, this court's standard of review is whether, after
viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, S.Ct.,
443 U.S. 307, 319; Marroquin v. State, 746 S.W.2d 747, 750 (Tex. Crim. App. 1988).
      Tex. Code Crim. Proc. Art. 38.14 provides:
A conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense
committed; and the corroboration is not sufficient if it merely shows the
commission of the offense.
      Officer Stone testified that on September 11, 1993, at 4:15 p.m., he stopped a vehicle because
it matched the description of a vehicle given in an earlier call regarding a suspicious person. 
Appellant and the male driver were in the car. Officer Stone observed some power tools and a
chain saw in the back seat. The two men in the vehicle were arrested by the officer. The car was
less a mile from Old Orchard Drive where the caller reported some suspicious persons were asking
questions about a residence being occupied or not. When the officer stopped the car, he believed
he was possibly investigating a burglary because that particular area had been hit hard by
burglaries recently. The driver of the car told the officer that the items in the car belonged to him,
and he was getting ready to pawn them; however, he later said the items belonged to Appellant. 
Appellant told Officer Stone the items belonged to him.
      Gary Russell, the complainant, testified that he lived at 1537 Old Orchard; that in September,
1993, a chain saw and other tools were stolen from his garage; that he did not know Appellant;
and Appellant had not been given permission to enter his garage and take his property.
      Darnell Cash, the driver of the car, testified that he had pled guilty to taking some items,
including this particular chain saw and other tools from a garage on Old Orchard Drive, on
September 11, 1993; that Appellant was with him; that Appellant was involved in the offense just
as Cash was; and that the plan was to take the items and pawn them.
      Under the standard cited in Art. 38.14 and Thompson, supra, we think the non-accomplice
testimony is sufficient to corroborate the accomplice testimony of Darnell Cash because the non-accomplice testimony tends to link Appellant to the commission of the crime.
      Appellant also claims the evidence is insufficient to show that he entered the garage or had
an intent to commit theft. Tex. Penal Code Sec. 7.02(a)(2) provides that a person is criminally
responsible for an offense committed by the conduct of another if he "acts with intent to promote
or assist in the commission of the offense, solicits, encourages, directs, aids, or attempts to aid
the other person to commit the offense."
      We think the evidence is sufficient to prove that Appellant and/or his accomplice entered the
garage with intent to commit theft, and further the evidence is sufficient to support the conviction.
      Point one is overruled.
      Point two: "The trial court erred in overruling Appellant's motion to suppress."
      Appellant argues that Officer Stone's stopping of the vehicle in which Appellant was riding
and which contained the stolen goods, was a pretext stop and for such reason, the pictures of the
stolen items should not be admitted into evidence.
      Officer Stone legitimately stopped Appellant's vehicle to further investigate the suspicious
person call. In this case, a citizen reported suspicious persons asking questions about a particular
residence in an area where burglaries had occurred. Officer Stone stopped the vehicle because it
matched the description given in the call. The officer was authorized to stop the vehicle—it was
not a pretext stop. Bobo v. State, 843 S.W.2d 572, 574 (Tex. Crim. App. 1992). The trial court
properly denied Appellant's motion to suppress.
      Point two is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 15, 1995
Do not publish