In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-083 CR


____________________



JASON NOBLE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 80708






O P I N I O N


 A jury found Jason Noble guilty of arson and assessed his punishment at twenty
years' confinement in the Texas Department of Criminal Justice, Institutional Division and
a fine of $10,000. 

 Requesting that the prosecution be dismissed, Noble brings one issue on appeal. 
He contends there was insufficient evidence to support the verdict because the State failed
to prove all elements of the charged offense. He maintains specifically that the State failed
to prove that a flammable liquid was ignited, and, thus, a fatal variance exists between the
State's evidence and the allegations contained in the indictment and charge. Noble
maintains there was no proof offered at trial that the fire was started by igniting a
flammable liquid, and, thus, there was insufficient evidence to support the jury's finding
as a matter of law.

 In reviewing the evidence's legal sufficiency, we must determine whether, after
considering the evidence in the light most favorable to the jury's verdict, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt.
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
Curry v. State, 30 S.W.3d 394, 405-06 (Tex. Crim. App. 2000). When evaluating the
sufficiency of the evidence, the reviewing court must look at all the evidence, whether
properly or improperly admitted. Bobo v. State, 843 S.W.2d 572, 575-76 (Tex. Crim.
App. 1992).

 Noble does not challenge the sufficiency of the evidence establishing that he started
the fire that burned the home of Lori Wilson, his then estranged wife. (1) Rather, Noble
challenges the legal sufficiency of the evidence that a flammable liquid was used to start
the fire.

 Brian Simmons, an arson investigator, found "pour patterns" on the linoleum floor
at the fire scene. He explained that wherever ignitable liquids are poured on a linoleum
floor and ignited, the fire burns and "bubbles" the floor. In contrast, where no ignitable
liquid is poured, the floor does not burn and bubble to the same degree. Simmons also
identified as significant an aluminum strip that had been "burned through" by the fire. The
strip, which separated the linoleum from the carpet, was melted away at one point, but
parts of the strip on either side of the melted portion had not been damaged, an occurrence
caused by the ignitable liquid's having been poured on the melted portion of the strip. 

 Harvey Hart, an arson investigator, testified the house contained several "heavy
burn" areas that indicated the possibility of an accelerant's having been used, and
explained that an accelerant was a flammable liquid. Further, he noted the house had a
faint odor of a possible accelerant, with the smell becoming stronger in the areas identified
as the possible points of origin. Hart took a sample of carpet padding because it smelled
of accelerant. 

 The record also shows the fire department used approximately 5000 gallons of water
to extinguish the fire. Captain Gary Sewell, a battalion chief with over thirty-one years
of fire fighting experience, testified his men had difficulty with the fire's "flashing back"
in some areas of Wilson's house, and that this problem generally was an indicator of the
presence of a possible accelerant, usually a flammable liquid. After, Noble's trial counsel
made a hearsay objection, the jury was instructed to disregard Sewell's testimony
regarding flashbacks in the residence. The testimony, however, properly is included in
our legal sufficiency review. See Bobo, 843 S.W.2d at 575-76.

 Considering the evidence in the light most favorable to the jury's verdict, we find
a rational trier of fact could have found that a flammable liquid was ignited to start the fire. 
The evidence is legally sufficient to support the jury's verdict. Noble's issue is overruled. 
We affirm the trial court's judgment.

 AFFIRMED.


 ________________________________

 DON BURGESS

 Justice


Submitted on March 27, 2002 

Opinion Delivered April 17, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.
1. The record establishes Noble threatened to set fire to Wilson's house; he was seen
at Wilson's home shortly before the fire was reported; he attempted to influence a witness
to say he (Noble) was not present at the fire scene; and Noble later admitted to another
person that he burned the house.