Opinion issued July 17, 2003

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00704-CR






FRANCISO JAVIER AVELLANEDA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 851,346






MEMORANDUM OPINION


 Appellant, Francisco Javier Avellaneda, was indicted for first degree delivery
of a controlled substance, cocaine, in an amount weighing more than 400 grams. A
jury found appellant guilty and the court assessed his punishment at 20 years'
confinement. In one issue, appellant contends that the evidence is legally insufficient
to establish his guilt because chain of custody for the cocaine was not established. 
We affirm. 

Background

 Gordon Forrester, an undercover narcotics officer for the Texas Department of
Public Safety, received a phone call from Enrique Blasco. Blasco told Forrester that
he knew some men in Houston who had several kilograms of cocaine for sale. Blasco
called his source and arranged a meeting at a restaurant. At the restaurant, Blasco
introduced Forrester to appellant and Jose Garcia and then left the table.

 Appellant and Forrester agreed on a price for two kilos of cocaine at $19,000
each. After Forrester showed Garcia and appellant $38,000 in cash, appellant made
a telephone call. Appellant then informed Forrester that the owner of the cocaine did
not want to do business at the restaurant, but agreed to meet the men in a nearby K-Mart parking lot.

 After the men drove to the K-Mart and waited some time, Garcia made a
telephone call. Saying he had to leave to pick up the cocaine, Garcia left, while
Forrester and appellant remained at the K-Mart and waited. After some additional
time, Garcia returned to the K-Mart parking lot followed by two vehicles, a truck and
a black Volkswagen. After speaking with the men who accompanied Garcia,
appellant told Forrester that they wanted to do the drug transaction at a residence. 
Forrester refused because he feared for his safety. The men left the parking lot and
returned a few minutes later. Appellant told Forrester that they could move to a
nearby Burger King parking lot to complete the transaction, and everyone drove to
that location. 

 At the Burger King parking lot, appellant led Forrester to one of the vehicles
and Forrester inspected the cocaine. Forrester then told appellant that he would go
and get the money. On the way back to his car, Forrester gave nearby officers a
prearranged bust signal, and the four men were arrested.

Sufficiency of the Evidence

 In his sole point of error, appellant argues that the evidence was legally
insufficient to support his conviction for delivery of cocaine because there was
insufficient proof of chain of custody for the narcotics. In evaluating the legal
sufficiency of the evidence, we must "view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt." King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). In the course of analyzing the evidence
presented at trial, we may not re-weigh the evidence to substitute our judgment for
that of the jury. Id. We will reverse a factfinder's determination only if a manifest
injustice has occurred. Id. at 563. When evaluating the sufficiency of the evidence,
we must look at all of the evidence, whether properly admitted or not. See Bobo v.
State, 843 S.W.2d 572, 575-576 (Tex. Crim. App. 1992); Rodriguez v. State, 819
S.W.2d 871, 873 (Tex. Crim. App. 1991).

 A person commits the offense of delivery of a controlled substance if he
"delivers or possesses with intent to deliver" a controlled substance. Tex. Health
& Safety Code Ann. § 481.112(A) (Vernon 2003). Delivery of a controlled
substance may be accomplished by: (1) actual transfer, (2) constructive transfer, or
(3) an offer to sell. Tex. Health & Safety Code Ann. § 481.002(8) (Vernon 2003). 
When delivery is by offer to sell, no transfer need take place. Stewart v. State, 718
S.W.2d 286, 288 (Tex. Crim. App. 1986). The offense is complete when, by words
or deed, a person "knowingly or intentionally offers to sell what he states is a
controlled substance." Id. 

 To sustain a conviction for delivery of a controlled substance based on an offer
to sell, proof of the offer must be corroborated by a person other than the offeree or
by evidence other than a statement of the Offeree. Tex. Health & Safety Code
Ann. §481.183(a) (Vernon 2003). This corroboration can be satisfied by evidence
that the offeror had possession of or access to the controlled substance offered. 
Stewart, 718 S.W.2d at 288. 

 Appellant claims that the evidence only supports delivery by an offer to sell
because the cocaine was never transferred to Forrester. Furthermore, appellant argues
that the evidence was legally insufficient to support delivery based on an offer to sell
because the State failed to properly establish chain of custody for the cocaine, which
was the evidence necessary to corroborate the offeror's statement.

 We conclude the evidence was legally sufficient for the jury to find the
essential elements of the offense of delivery of a controlled substance. The evidence
presented was sufficient for a rational trier of fact to conclude that appellant's
conduct of offering Forrester a price of $19,000 per kilo constituted an offer to sell
over 400 grams of cocaine. Additionally, the factfinder could have reasonably
determined that appellant offered to sell a controlled substance because appellant (1)
agreed on a sales price of $38,000 with Forrester, (2) observed the cash money in
Forrester's vehicle, (3) accompanied Forrester to two locations for the transfer of
narcotics to occur, and (4) showed Forrester the narcotics.

 Furthermore, the evidence was sufficient for a rational trier of fact to conclude
that the cocaine analyzed by the chemist who testified at trial was the same cocaine
identified by Officer Forrester at the scene. Officer Forrester testified that he
observed the two kilos of cocaine inside a box on the floorboard of the back seat of
a white Ford truck, and observed Officer Rick Ashwood take possession of the items. 
 The two kilos of cocaine were identified as State's Exhibits one and two, and
the box was identified as State's Exhibit three. Officer Ashwood testified that State's
Exhibit three had identifying marks on it in his handwriting. These included the
name of one of the suspects arrested in this case, the case number, and the location
of the arrest. Officer Ashwood did not put these identification markers on the two
cocaine packages marked State's Exhibit one and two, but testified that they were
inside the box marked as State's Exhibit three. He described the two cocaine
packages as kilos wrapped in foil with black tape. He deposited the box marked as
State's Exhibit three, containing State's Exhibits one and two inside, into the secure
narcotics lockbox at the crime laboratory.

 Avelina De Jesus, a chemist at the crime laboratory, testified that she took
State's Exhibits one and two from the box marked State's Exhibit three. She
described exhibits one and two as being wrapped in foil and said that she unwrapped
the foil to expose the cocaine. Her chemical analysis revealed that the substance in
State's exhibits one and two was 1.9 kilograms of cocaine. Although she did not
personally obtain the items from the secure lockbox, she received the evidence from
central evidence receiving. 

 Absent proof of altering or tampering with evidence, an objection that an
improper chain of custody has been established goes to the weight of the evidence,
not to its admissibility. Bird v. State, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985); see
also Irvine v. State, 857 S.W.2d 920, 925 (Tex. App.--Houston [1st Dist.] 1993, pet.
ref'd) ("Whe[n] physical evidence is properly identified, care and custody issues go
the weight to be given the evidence, not its admissibility."). In this case, the custody
began when Officers Forrester and Ashwood recovered the cocaine at the scene. 
Custody continued through placing it the secure lockbox, and analysis by the chemist
who was assigned to the case. Moreover, even if the two kilos of cocaine were
improperly admitted, we would nonetheless consider that evidence in evaluating
appellant's sufficiency challenge. See Bobo, 843 S.W.2d at 575-76.

 After viewing the evidence in the light most favorable to the verdict and
considering that appellant's arguments concerning the chain of custody are properly
reserved for the weight of the evidence, for which we defer to the factfinder, we
conclude that the evidence is legally sufficient to establish the offense of delivery of
a controlled substance. We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.


 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Higley.


Do not publish. Tex. R. App. P. 47.4.