NUMBER 13-99-770-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG
                                                                                                                      
JUAN RAMIREZ,                                                                          Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      
On appeal from the 370th District Court 
of Hidalgo County, Texas.
                                                                                                    
MEMORANDUM OPINION
Before Justices Yañez, Garza, and Baird



Opinion by Justice Baird
          Appellant was charged by indictment with the offense of aggravated sexual assault. 
A jury convicted appellant of the charged offense, and the trial judge assessed punishment
at eighteen years’ confinement in the Texas Department of Criminal Justice–Institutional
Division. Appellant raises four points of error on appeal. We affirm.
I. Admissibility of Oral Statements.
          The first point of error contends the trial judge erred in overruling appellant’s motion
to suppress two oral statements made by appellant.
A. Factual Summary.
          Both of the complained-of statements were made by appellant while in custody in
a police patrol vehicle. The first statement was made to Mission Police Officer Raul
Gonzalez while en route to the police department. At the suppression hearing, Gonzalez
testified that he had known appellant his entire life. Because of their relationship,
Gonzalez volunteered to drive appellant to the police department. Prior to doing so,
Gonzalez removed appellant’s handcuffs and permitted him to sit in the front seat of
Gonzalez’s vehicle. According to Gonzalez, appellant said: “He hadn’t done anything
wrong. That a girl had [performed a sexual act on him].” Gonzalez testified that he did not
initiate the conversation and that this statement was not made in response to any
questioning. Gonzalez did not question appellant after hearing this statement. 
          The second oral statement was overheard by Mission Police Officer Gabriel Zuniga
who transported appellant from the police department to the juvenile detention facility in
Edinburg. Appellant was being transported with two other juveniles; all three were in the
back seat of Zuniga’s patrol vehicle. While en route, Zuniga drove by Foy’s, the
establishment where appellant met the complainant on the night of the alleged offense. 
As they drove past that location, appellant said in Spanish “something to the effect that this
is where it happened.” A minute or two later, appellant said in Spanish: “I didn’t rape her. 
She wanted it, I gave it to her. She like [sic] it. And they were calling us all night.” Zuniga
testified that he did not coerce or prod appellant to get him to make these statements.
          Appellant did not testify, and no witnesses were called on his behalf to refute the
testimony of Gonzalez and Zuniga.
          At the conclusion of the hearing, the trial judge stated: “[Appellant] made those
statements and it’s clear to this Court that he made them voluntarily, in accordance with
the testimony that was presented. He made them without being asked a question.” 
Therefore, the trial judge overruled appellant’s motion to suppress the oral statements.


 
These statements were subsequently admitted during the guilt phase of appellant’s trial.
B. Argument and Analysis.
          Appellant contends the trial judge erred in admitting these oral statements into
evidence. Specifically, he argues the statements were obtained in violation of the juvenile
requirements contained within sections 51.09(B) and 52.02(a)(2) of the Texas Family
Code. See Tex. Fam. Code Ann. § 51.09(B) (Vernon 2002); Tex. Fam. Code Ann. §
52.02(a)(2) (Vernon Supp. 2004). Both of these sections deal with the treatment of
juveniles while in the custody of law enforcement. We review the decision to admit
evidence under an abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 150-53
(Tex. Crim. App. 2001).
          We need not address the merits of this argument because neither statement was
the result of custodial interrogation. Miranda v. Arizona, 384 U.S. 436 (1966), defined
custodial interrogation as "questioning initiated by law enforcement officers after a person
has been taken into custody or otherwise deprived of his freedom of action in any
significant way." Id. at 444; Little v. State, 853 S.W.2d 179, 183 (Tex. App.–Corpus Christi
1993, no pet.). While appellant was clearly in custody when each of the oral statements
were uttered, there is no evidence the statements resulted from questioning initiated either
by Gonzalez or Zuniga. Under these circumstances, we cannot say the trial judge abused
his discretion in holding appellant made the statements “without being asked a question.” 
Salazar, 38 S.W.3d at 150-53. Accordingly, the first point of error is overruled.II. Sufficiency Challenge.
          The second point of error contends the trial judge erred in denying appellant’s
motion for instructed verdict. When this complaint is raised on appeal, we treat it as an
attack upon the sufficiency of evidence to sustain the conviction. Cook v. State, 858
S.W.2d 467, 469-70 (Tex. Crim. App. 1993).
          Legal sufficiency is the constitutional minimum required by the Due Process Clause
of the Fourteenth Amendment to sustain a criminal conviction. Jackson v. Virginia, 443
U.S. 307, 315-16 (1979). The appellate standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Id. at 320. The evidence is examined in the light
most favorable to the fact-finder. Id.
          Under a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this neutral
light, we consider and weigh all the evidence and set aside the verdict if that evidence is
(1) so weak as to be clearly wrong and manifestly unjust, or (2) if the adverse finding is
against the great weight and preponderance of the available evidence. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where
the jury's finding "shocks the conscience," or "clearly demonstrates bias." Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).
          This point of error is premised upon the success of the first point of error, namely,
that the trial judge erred by admitting appellant’s oral statements into evidence. Appellant
concedes at least three times in his brief that the oral statements were inculpatory.
Additionally, he concedes the complainant identified appellant as one of her assailants. 
We reject this point of error for two separate reasons.
          First, having overruled the first point of error, appellant’s premise is flawed. The oral
statements were properly admitted into evidence. This evidence, along with the other
evidence admitted at trial, is sufficient to prove the essential elements of the alleged
offense. Therefore, we hold the record evidence introduced at the time of appellant’s
motion for instructed verdict was both legally and factually sufficient to support appellant’s
conviction. Jackson, 443 U.S. at 315-16; Johnson, 23 S.W.3d at 11.
          Second, assuming, arguendo, that the trial court had erred in admitting appellant’s
oral statements into evidence, we would nevertheless consider those statements in
determining whether the evidence was legally and factually sufficient because reviewing
courts are required to consider all of the evidence, even that which the trial court may have
improperly admitted. Bobo v. State, 843 S.W.2d 572, 575-76 (Tex. Crim. App. 1992)
(when evaluating the sufficiency of the evidence, the reviewing court must look at all the
evidence, whether properly or improperly admitted). In other words, regardless of the
success of the first point of error, those statements must be considered in our sufficiency
evaluation. When the statements are considered in connection with the other evidence
offered by the State, the evidence is both legally and factually sufficient to support the
jury’s verdict. Therefore, for this additional reason, we must reject appellant’s sufficiency
challenges.
          For these reasons, the second point of error are overruled.
II. Extraneous Offense Evidence.
          The third point of error contends the trial judge erred in denying appellant’s motion
for mistrial. This motion followed the testimony of Jessica Hernandez about a possible
extraneous offense, namely “going to rob a store.” Defense counsel immediately objected,
and the jury was removed from the courtroom. A discussion followed, during which the trial
judge determined he would not allow the testimony. He then instructed the witness not to
mention the extraneous offense again. When the jury returned, the trial judge gave the
following curative instruction:
Ladies and gentlemen of the jury, before we continue, I am going to
instruct you as follows: You are not to consider the evidence or the
testimony presented right prior to me asking you to leave the courtroom or
the fact that someone may have discussed – whoever it may have been may
have discussed going out and doing something at a store.
 
You are not to consider that for any reason in this case. You are not
to comment about it in any way. Does everyone understand that?
 
THE JURY PANEL: Yes, sir.

Appellant then asked that the testimony be stricken, and that request was granted. Finally,
appellant moved for a mistrial, and that motion was denied. The extraneous offense was
not mentioned again when testimony resumed.
          Our law is clear that, except in extreme cases, if the trial court sustains a timely
objection and instructs the jury to disregard an improper response referring to an
extraneous offense, the error is cured. Moody v. State, 827 S.W.2d 875, 890 (Tex. Crim.
App. 1992) (citing Barney v. State, 698 S.W.2d 114, 125 (Tex. Crim. App. 1985)). We see
no reason why this general rule of law should not be followed in this case, especially in light
of the trial judge’s strong instruction, and the jury’s unanimous affirmation of that
instruction. Accordingly, we hold the error from the erroneous admission of the extraneous
offense was cured. The third point of error is overruled.
IV. Timeliness of Sentencing.
          Prior to trial, appellant filed a motion for community supervision and asked that the
jury assess punishment in the event of a guilty verdict. On November 1, 1995, following
the verdict, appellant and the State entered into an agreement whereby appellant would
(a) withdraw his election to have the jury assess punishment, and (b) testify truthfully for
the State in the other cases arising out of this incident. In exchange for those
considerations, the State would recommend punishment be assessed at twenty-five years
confinement. Approximately three years later, on September 8, 1998, appellant returned
to court for sentencing. At this time, the State reduced its punishment recommendation
from twenty-five to eighteen years confinement. The trial judge followed this
recommendation.
          Appellant now contends he was denied his right to speedy sentencing. We reject
this point of error for two reasons. First, the doctrine of invited error prohibits a party from
requesting the trial judge to take a certain action and later complaining on appeal about the
trial judge taking that action. Capistran v. State, 759 S.W.2d 121, 124 (Tex. Crim. App.
1982). As the Texas Court of Criminal Appeals stated in Prystash v. State, 3 S.W.3d 522,
531 (Tex. Crim. App. 1999), this is not a waiver of error previously committed, but rather
the exclusion from an appellate court's consideration of those actions requested in the trial
court by the complaining party. Therefore, the doctrine of invited error is properly thought
of, not as a species of waiver, but as estoppel. Id. Since appellant asked the trial judge to
delay his sentencing until the plea bargain agreement with the State had been fulfilled,
appellant is estopped from now complaining of the time between his conviction and
sentencing.
          Secondly, even if we were to reach the merits of this point of error, we would find
any error to be harmless. Appellant agreed to accept a sentence of twenty-five years. 
Following the complained-of delay in sentencing, appellant’s punishment was assessed
at eighteen years. Consequently, rather than being harmed by the delay, he benefitted to
the tune of seven years. Additionally, the trial judge resolved an unadjudicated offense at
the time of sentencing. Tex. Pen. Code Ann. § 12.45 (Vernon 2003). Therefore, the error,
if any, was harmless under any standard of review. Tex. R. App. P. 44.2.
          For these reasons, the fourth point of error is overruled.
          The judgment of the trial court is affirmed.
                                                                                                                                 
                                                                                      CHARLES BAIRD,
                                                                                      Justice
 
Do not publish.
Tex. R. App. P. 47.2(b).
Opinion delivered and filed
this 4th day of March, 2004.